Peter A. Romero, Esq.
Law Office of Peter A. Romero PLLC
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
(631) 257-5588
promero@romerolawny.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ :
ANGEL ACOSTA on behalf of himself           :
and all other persons similarly situated,        :
                                                                                :
                                                    Plaintiff,              :
                                                                                :
    -against-                                                            :
                                                                                :         **COMPLAINT**
MATTEO'S RESTAURANT MANAGEMENT GROUP, :
LLC, MRG 2008 B LLC d/b/a Matteo's, GENNARO  :         *Class Action*
SBARRO and ANNA MISSANO-SBARRO,       :
                                                                                :
                                                    Defendants.       :
------------------------------------------------------------------------ :

Plaintiff, ANGEL ACOSTA ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, MATTEO'S RESTAURANT MANAGEMENT GROUP, LLC, MRG 2008 B LLC d/b/a Matteo's, GENNARO SBARRO and ANNA MISSANO-SBARRO, (collectively "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1. The Defendants are engaged in the restaurant business. The Plaintiff was an hourly paid employee of the Defendants. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") to recover unpaid minimum wages and overtime owed to him. Plaintiff also brings this action on behalf of himself all other persons similarly situated to recover unpaid spread of hours pay under the New York Labor Law Article 19, §650 et seq., and the

supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §201 et seq.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## PARTIES

5. Defendant, MATTEO'S RESTAURANT MANAGEMENT GROUP, LLC, was and still is a limited liability company duly organized under the laws of New York.

6. Defendant, MRG 2008 B LLC, was and still is a limited liability company duly organized under the laws of New York.

7. At all times relevant, Defendant, MATTEO'S RESTAURANT MANAGEMENT GROUP, LLC, is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

8. At all times relevant, Defendant, MRG 2008 B LLC, is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced

for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant, Defendants' restaurants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA. Defendants' restaurants require a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

10. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2). Plaintiff's duties included preparing and cooking food. In performing his duties, Plaintiff handled or worked with goods, such as vegetables, fruits, grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

11. Defendant, GENNARO SBARRO, is a member of the limited liability companies, has authority to make payroll and personnel decisions for Matteo's, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and all other persons similarly situated to Plaintiff.

12. Defendant, ANNA MISSANO-SBARRO, is a member of the limited liability companies, has authority to make payroll and personnel decisions for Matteo's, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and all other persons similarly situated to Plaintiff.

13. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203. At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

## STATEMENT OF FACTS

14. Plaintiff was an hourly paid back of the house employee of Defendants from in or about March 2018 to in or about November 2018 at Matteo's of Huntington, 300 West Jericho Turnpike, Huntington, New York 11743. Plaintiff performed non-exempt duties for the Defendants including washing dishes and cleaning the premises.

15. Throughout his employment with Defendants, Plaintiff and similarly situated employees regularly worked more than 40 hours in a workweek. Plaintiff regularly worked 7 days per week, from 2:00 p.m. until at least 1:00 a.m. For example, during the period October 8, 2018 to October 14, 2018, Plaintiff worked at least 54.91 hours.

16. Defendants failed to pay Plaintiff the statutory minimum rate or overtime for hours worked the weeks of October 22, 2018 and October 29, 2018. Defendants paid Plaintiff less than the basic minimum hourly rate for each hour worked during this period in violation of the FLSA and 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

17. Throughout his employment with Defendants, Plaintiff and similarly situated persons often worked more than ten hours in a single day.

18. Defendants failed to pay Plaintiff and similarly situated persons spread-of-hours pay for each day in which their spread of hours exceeded 10 hours.

19. Plaintiff and similarly situated persons worked without an uninterrupted meal period. In determining weekly wages, Defendants deducted time for meal periods that Plaintiff and similarly situated persons did not receive.

20. Defendants failed to provide Plaintiff upon hire written notice in his native language of his rate of pay and other information required by Section 195 of the New York State Labor Law.

21. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

22. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

23. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

24. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

25. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

26. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

(b) whether Defendants failed to pay Plaintiff and Class Members for all compensable time and all hours worked;

(c) whether Defendants automatically deducted for meal periods that Plaintiff and Class Members did not receive;

(d) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(e) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(f) whether Defendants failed to provide Plaintiff and Class Members with a wage notice upon hire, as required by law;

(g) whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(h)   what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(i)   whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class for all compensable time and spread-of-hours pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

28.   Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay Plaintiff and Class Members for all hours worked and failed to pay spread of hours pay. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

29.   Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

30.   Plaintiffs has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

31.   A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

32.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

33. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

34. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: MINIMUM WAGES**

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants willfully failed to compensate the Plaintiff at all for hours worked in certain workweeks and violated the minimum wage provisions of the FLSA.

37. Plaintiff has been deprived of minimum wages in an amount to be determined at trial and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to the FLSA.

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

38.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

39.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

40.     Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial and is entitled to recovery of such amount, liquidated damages, attorneys' fees and costs pursuant to the FLSA.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

41.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42.     By automatically deducting for meal periods that Plaintiff and Class Members did not receive, Defendants paid Plaintiff and Class Members less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

43.     By Defendants' failure to pay Plaintiff and Class Members minimum wages for all hours worked they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

44.     Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW: OVERTIME WAGES

45. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46. By automatically deducting for meal periods that Plaintiff and Class Members did not receive, Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for all time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

47. By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146. Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: SPREAD OF HOURS

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants willfully failed to pay Plaintiff and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

50. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

51. Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

52. Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1). Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## SIXTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

53. Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

54. Defendants failed to furnish Plaintiff and Class Members with an accurate statement with every payment of wages accurately setting forth the number of overtime hours worked as required by New York Labor Law §195(3) and spread of hours pay. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law §195, liquidated damages and pre- and post-Judgment interest;

  (iii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

  (iv) Certification of class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  (vi) All attorneys' fees and costs incurred in prosecuting these claims; and

  (vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
   November 7, 2018

           LAW OFFICE OF PETER A. ROMERO PLLC

      By: *[signature]*

           Peter A. Romero, Esq.
           825 Veterans Highway, Suite B
           Hauppauge, New York 11788
           Tel. (631) 257-5588
           promero@romerolawny.com

           *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Matteos to recover unpaid minimum wages and overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_Angel Acosta_  _11/7/18_
Angel Acosta                                Date